UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| **IRAM GALINDO, on Behalf of Himself and on Behalf of All Others Similarly Situated,** § § § § | |
| **Plaintiff,** § § | |
|  § | **CIVIL ACTION NO. 7:15-cv-108** |
| **V.** § | **JURY TRIAL DEMANDED** |
|  § | |
| **BRAZOS ROCK, INC.,** § § | |
| **Defendant.** § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1.   Defendant, BRAZOS ROCK, INC. ("Defendant"), failed to pay Plaintiff and its other non-exempt laborers appropriate overtime wages when they worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Specifically, Plaintiff and its other non-exempt laborers who worked at/from/through Defendant's Midland, Texas yard were paid an hourly wage, as well as additional nondiscretionary per diem payment. While Defendant paid Plaintiff and its other non-exempt laborers overtime wages calculated at one and a half times their *hourly rate of pay*, Defendant failed to include the nondiscretionary per diem payments in its calculation of Plaintiff's "regular rate of pay." Therefore, Plaintiff and the non-exempt laborers were not paid the correct overtime rate of pay for the overtime hours they worked.

2.   Plaintiff, IRAM GALINDO, and the similarly situated employees he seeks to represent, are current and former employees of Brazos Rock, Inc. who worked at/from/through Defendant's Midland, Texas yard within the last three years (hereinafter referred to as the "Class

Members").

3. Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and all other similarly situated employees.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards, Act, 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of Texas – Midland Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

6. Plaintiff, Iram Galindo, lives in the Western District of Texas. Plaintiff is a former employee of Defendant who worked for Defendant from approximately September 2014 to March 2015. His written consent is attached hereto as Exhibit 1.

7. The class of similarly situated employees consists of all non-exempt laborers who worked for Defendant at/from/through Defendant's Midland, Texas yard within the last three years (hereinafter referred to as the "Class Members").

8. Brazos Rock, Inc. is a domestic corporation that does business in the State of Texas. Brazos Rock, Inc. may be served through its registered agent, Curtis Chester, 1813 Banks Drive, Weatherford, Texas 76087.

## FLSA COVERAGE

9. At all times relevant to this dispute, Brazos Rock, Inc. has been an "employer" of Plaintiff and the Class Members within the meaning of the FLSA. 29 U.S.C. § 203(d).

10. At all times relevant to this dispute, Brazos Rock, Inc. has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

11. At all times relevant to this dispute, Brazos Rock, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

12. At all times relevant to this dispute, Brazos Rock, Inc. has had annual gross sales in excess of $500,000.

13. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

### THE FACTS

14. Defendant, Brazos Rock, Inc., is a construction and services company. Plaintiff's (and Class Members') primary duty was to perform manual labor on various job sites on Defendant's behalf.

15. Plaintiff and the Class Members were required to work more than forty (40) hours per week. In fact, a typical work schedule required Plaintiff to work more than 50 - 60 hours per week, with many weeks requiring him to work even more. Plaintiff was a laborer. Plaintiff was not a member of management. Neither he nor any other Class Member had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant used in its operations, plan and/or set Defendant's budget, enter into contracts on behalf of Defendant, or otherwise have operational control over Defendant's business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business

operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

16. Defendant failed to pay Plaintiff and the Class Members the correct overtime rate of pay for hours worked in excess of forty (40) in a workweek. The FLSA required Defendant to include <u>all</u> remuneration paid to Plaintiff and the Class Members when determining the employees' "regular rate of pay." 29 U.S.C. § 207(e). The nondiscretionary per diem payments made to Plaintiff and the Class Members was required to be included in their total remuneration for purposes of determining the "regular rate" of pay. Once the regular rate of pay is determined, Plaintiff and the Class Members are entitled to overtime wages calculated at time and a half their regular rate of pay for all hours worked each week in excess of forty (40) hours. Defendant is not entitled to utilize the fluctuating work week (FWW) method of pay when determining the regular rate of pay for Plaintiff and the Class Members because the amount of compensation it paid to them varied based on the amount of time worked. Moreover, there was no clear mutual understanding or agreement between Defendant and Plaintiff or the Class Members that they would be paid using the FWW and how that method works, nor did Defendant pay them a fixed rate.

### COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other persons employed by Defendant as non-exempt laborers within three (3) years from the filing of this suit who have, like Plaintiff, not been compensated at one and a half their regular rate of pay for all hours worked in excess of forty (40) in a single week or who have not been compensated at the correct overtime rate of pay.

18. Defendant classified all of its laborers as non-exempt and not eligible for overtime pay. In this regard, Defendant maintained a common pay practice or policy and the Class Members

are similarly situated to Plaintiff.

19.     Defendant paid all of its non-exempt laborers the same way, i.e. an hourly wage plus nondiscretionary per diem payments, and the overtime rate of pay paid to them did not include the nondiscretionary per diem payments in the calculation of their regular (or overtime) rate of pay. In this regard, Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

20.     Defendant's non-exempt laborers all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similarly situated to Plaintiff.

21.     Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

22.     Defendant possesses the names and addresses of all Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

> "All of Defendant's current and former non-exempt laborers who worked for Defendant at/from/through the Midland facility during any workweek between July 16, 2012 and up to the time notice of the lawsuit is provided."

### CAUSES OF ACTION

23.     Plaintiff incorporates the allegations in the preceding paragraphs.

24.     Plaintiff and the Class Members were not paid the correct overtime rate of pay when they worked more than forty (40) hours in a workweek because the overtime rate of pay paid to them

did not include the nondiscretionary per diem payments in the calculation of their regular (or overtime) rate of pay. Defendant's failure to pay Plaintiff and the Class Members the correct overtime rate of pay violated the FLSA.

25. Defendant's failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) year statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

26. Plaintiffs and the Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

27. Plaintiff hereby demands a trial by jury.

## PRAYER

Plaintiff respectfully requests that judgment be entered against Brazos Rock, Inc., awarding him and all similarly situated employees:

- a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and a half times his regular rate of pay;
- b. An equal amount as liquidated damages;
- c. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and
- d. Such other and further relief as may be required by law.

          Respectfully submitted,

       By: */s/Robert R. Debes, Jr.*
          Robert R. Debes, Jr.
          State Bar No. 05626150
          Martin A. Shellist
          State Bar No. 00786487

         **ATTORNEYS FOR PLAINTIFFS**

OF COUNSEL:
SHELLIST | LAZARZ|SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993